IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

IRVIN LAMAR SIMPSON,

     Petitioner,

v.                            Case No. 1:15-cv-03479

BART MASTERS, Warden,

     Respondent.

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court are Petitioner Irvin Lamar Simpson's ("Simpson") Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, (ECF No. 1), Simpson's *Pro Se* Request for Final Disposition in a Title 28 U.S.C. § 2241 Habeas Corpus Writ Proceeding, (ECF No. 15), and Simpson's *Pro Se* Motion Requesting a Final Order in a Pending Title 28 U.S.C. Section 2241 Habeas Corpus Proceeding, (ECF No. 16). This case is assigned to the Honorable David A. Faber, United States District Judge, and was referred to the undersigned United States Magistrate Judge by Standing Order for submission of proposed findings of fact and recommendations for disposition ("PF & R") pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be **DENIED**, that Simpson's motions for entry of a final order be **DENIED**, and that this action be **DISMISSED**, with prejudice, and removed from the docket of the Court. Apart from these recommendations, the undersigned **DENIES**

1

Simpson's request for appointment of counsel and **DENIES** Simpson's request for additional briefing.

## I.    <u>Introduction</u>

On June 4, 2002, in the United States District Court for the Northern District of Georgia, Simpson was charged in an indictment with one count of possessing with intent to distribute and distributing cocaine base on November 17, 2000 ("Count One"), and one count of possessing with intent to distribute at least five grams of cocaine base on May 10, 2001 ("Count Two"). *Simpson v. United States*, No. 2:02-CR-0052, 2007 WL 7044224, at *1 (N.D. Ga. Sept. 18, 2007). On October 2, 2002, a jury found Simpson guilty of both counts. *Id.* On December 6, 2002, the trial court sentenced Simpson to 240 months' imprisonment on Count One and a concurrent term of 360 months' imprisonment on Count Two. *Simpson v. United States*, No. 2:02-CR-0052, Dkt. Nos. 46 & 47. The trial court's judgment and commitment order was entered on December 10, 2002. *Id.*, Dkt No. 47.

The same day that the judgment order was entered, Simpson appealed his convictions and sentence to the United States Court of Appeals for the Eleventh Circuit. *Id.*, Dkt. No. 48. Simpson argued that the trial court "abused its discretion in admitting evidence regarding four extrinsic drug transactions which were similar to the charged drug offenses." *Simpson*, 2007 WL 7044224, at *2. On September 19, 2003, the Eleventh Circuit affirmed Simpson's convictions and sentence. *Id.*; *Simpson v. United States*, 82 F. App'x 218 (11th Cir. Sept. 19, 2003) (unpublished table decision). Thereafter, Simpson sought a writ of certiorari from the United States Supreme Court, which was denied by the Court on April 5, 2004. *Simpson v. United States*, 541 U.S. 980, 124 S.Ct. 1894, 158 L.Ed.2d 480 (2004).

On May 24, 2004, Simpson filed a motion vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in the United States District Court for the Northern District of Georgia. *Simpson*, 2007 WL 7044224, at *2. In his motion, Simpson argued, *inter alia*, that his trial counsel was ineffective for failing to file a motion to suppress 12.8 grams of cocaine base found during a warrantless search of a residence at 925 Cooley Drive on May 10, 2001. *Id.* The magistrate judge to whom Simpson's § 2255 motion was referred conducted an evidentiary hearing on that issue. *Id.* at *1. At the hearing, two of Simpson's relatives testified that Simpson resided at 925 Cooley Drive at the time that the 12.8 grams of cocaine base was discovered there. *Id.* at *4. Simpson likewise testified that he lived in the home on May 10, 2001, and he insisted that he informed trial counsel about residing there. *Id.* He denied ever telling his trial counsel that he lived at another address. *Id.* In contrast, Simpson's trial counsel testified that Simpson never told him that he lived at 925 Cooley Drive. *Id.* at *5. Moreover, trial counsel asserted that nothing in the police reports concerning Simpson's case attributed the 925 Cooley Drive address to him.[1] *Id.* Regarding his decision to refrain from filing a suppression motion, trial counsel testified that he did not view the search as an issue of standing; rather, he believed that the search was justified under the plain view and exigent circumstances exceptions to the Fourth Amendment's warrant requirement. *Id.*

After the hearing, the magistrate judge issued a report and recommendation suggesting that Simpson's § 2255 motion be granted because Simpson's trial counsel rendered ineffective assistance of counsel when he declined to move to suppress the cocaine base seized at 925 Cooley Drive on May 10, 2001. *Id.* at *12-*13. The district judge

---

[1] Had trial counsel been aware of any such information, he stated that he would have further investigated whether Simpson had standing to challenge the search. *Simpson*, 2007 WL 7044224, at *5.

declined to adopt the report and recommendation, concluding that trial counsel was not ineffective for failing to file a motion to suppress, and denied Simpson's § 2255 motion. *United States v. Simpson*, 2010 WL 399315, at *3 (N.D. Ga. Jan. 27, 2010). Simpson appealed the suppression issue to the Eleventh Circuit, which found that Simpson's trial counsel was not ineffective and affirmed the denial of his § 2255 motion. *Simpson v. United States*, No. 2:02-CR-0052, Dkt. No. 140. Simpson then sought a writ of certiorari from the Supreme Court, which was denied on October 3, 2011. *Simpson v. United States*, ___ U.S. ___, 132 S.Ct. 183, 181 L.Ed.2d 93 (2011).

On March 23, 2015, Simpson filed the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.[2] (ECF No. 1). In his petition and supporting memorandum, Simpson raises two grounds for relief. First, Simpson argues that his rights under the Fourth Amendment to the United States Constitution were violated when police officers searched the residence at 925 Cooley Drive without probable cause. (ECF No. 1 at 6-7; ECF No. 3 at 5-6). Second, Simpson claims that he was "sentenced under an unconstitutional sentencing guideline scheme," citing the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), to support his position. (ECF No. 1 at 7; ECF No. 3 at 7-8). As to relief, Simpson requests that the Court appoint him counsel, (ECF No. 3 at 8), vacate his conviction on Count Two, which pertains to the May 10, 2001 search, and order that he be resentenced. (*Id.*) In his petition and supporting memorandum, Simpson acknowledges that he has previously filed a § 2255 motion, which was denied on the merits. (ECF No. 1 at 4; ECF No. 3 at 2). Based on

---

[2] Simpson was incarcerated at Federal Correctional Institution-McDowell in Welch, West Virginia at the time that he filed his § 2241 petition. (ECF No. 1 at 1). A search of the Inmate Locator on the Federal Bureau of Prisons website shows that Simpson is still incarcerated at FCI-McDowell as of April 5, 2016. The BOP's website reflects that Simpson's projected release date is October 25, 2028.

4

the past denial of his § 2255 motion, Simpson asserts that "§ 2255 is inadequate or ineffective to challenge [his] conviction or sentence where under second § 2255 the claim at issue does not fit the required relief." (ECF No. 1 at 5). Specifically, Simpson concedes that his claims do not rely on newly discovered evidence or a new rule of constitutional law that applies retroactively on collateral review; however, he insists that the Court should "entertain [his] writ" because his claims "deal with constitutional violations." (ECF No. 3 at 4).

The undersigned ordered Respondent to answer Simpson's § 2241 petition on August 21, 2015. (ECF No. 7 at 1). On November 3, 2015, Respondent filed a response requesting that Simpson's petition be dismissed. (ECF No. 10 at 1). Respondent argues that Simpson's § 2241 petition is more properly characterized as a § 2255 motion given that Simpson challenges the validity of his conviction, not the execution of his sentence. (*Id.* at 3). Respondent points out, however, that Simpson is barred from filing a § 2255 motion because the one-year statute of limitations for filing such a motion has expired. (*Id.*) Moreover, Respondent contends that Simpson's § 2241 petition, if construed as a § 2255 motion, would be a second or successive motion, which Simpson does not have permission to file from the appropriate federal court of appeals. (*Id.*) Respondent recognizes the existence of § 2255(e)'s "savings clause," but maintains that the savings clause is inapplicable to Simpson's § 2241 petition because the substantive law has not changed such that the conduct for which Simpson was convicted is no longer criminal. (*Id.* at 4). Additionally, Respondent stresses that the sentencing court previously rejected Simpson's Fourth Amendment claim and that "free-standing Fourth Amendment claims are generally not available for collateral review of a [p]etitioner's conviction or sentence." (*Id.* at 7). Finally, Respondent argues that the Supreme Court's *Booker* decision does not

apply retroactively to cases on collateral review. (*Id.* at 9-10).

On December 11, 2015, Simpson filed a reply memorandum wherein he insists that his § 2241 petition is the appropriate procedural vehicle for raising his Fourth Amendment claim. (ECF No. 13 at 2-3). Simpson asserts that the sentencing court never rejected his Fourth Amendment claim, only his claim of ineffective assistance of counsel related to counsel's failure to file a suppression motion. (*Id.* at 1-2). As to the substance of his Fourth Amendment claim, Simpson alleges that police officers never obtained consent or a search warrant that would have permitted them to enter the Cooley Drive property and seize the cocaine base found there. (*Id.* at 3). Simpson also emphasizes the sentencing court's finding that trial counsel was mistaken as to the existence of exigent circumstances justifying the search and seizure. (*Id.* at 2). Regarding his *Booker* claim, Simpson argues that he was sentenced under an unconstitutional "mandatory guideline scheme." (*Id.* at 4). Furthermore, Simpson maintains that his sentence was "greater than necessary to accomplish the goals of sentencing"; thus, "resentencing is necessary to 'avoid unwarranted sentencing [*sic*] disparities among defendants with similar records who have been found guilty of similar conduct.'" (*Id.* at 5) (quoting 18 U.S.C. § 3553(a)(6)). In his reply memorandum, Simpson also requests that the Court order additional briefing as to the retroactivity of *Booker* to his case and whether he possesses a Fifth Amendment right to challenge his sentence. (*Id.*) Subsequent to filing his reply brief, Simpson filed two motions asking that a final order be entered in this action. (ECF Nos. 15, 16).

## II.   Discussion

### A. Simpson's § 2241 Petition

Title 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a

federal judgment and sentence. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Although § 2241 provides a general grant of habeas corpus authority, the remedy under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. To the contrary, "[i]t is only when '§ 2255 proves inadequate or ineffective to test the legality of detention,' that a federal prisoner may pursue habeas relief under § 2241." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citation omitted); *see also In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (stating that in "a limited number of circumstances," § 2255 is inadequate to test the legality of the prisoner's detention, and accordingly, the prisoner may file a habeas petition under § 2241.). The "savings clause," found at 28 U.S.C. § 2255(e), occasionally allows a § 2241 petition to take the place of a § 2255 motion, but not "merely ... because an individual is procedurally barred from filing a Section 2255 motion," *In re Vial*, 115 F.3d at 1194, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. *Young v. Conley*, 128 F. Supp. 2d 354, 357 (S.D.W.Va. 2001). Rather, the savings clause creates a narrow opening through which a petitioner may pass when his § 2241 claim contains all three of the following characteristics: (1) at the time of his conviction, the settled law of the circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *In re Jones*, 226 F.3d at 333-34. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective by satisfying the *Jones* criteria. *See Hood v. United States*, 13 F. App'x 72, 2001 WL 648636, at *1 (4th Cir. 2001); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hayes v. Ziegler*, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W.Va. Feb. 20, 2014), *aff'd*,

573 F. App'x 268 (4th Cir. 2014).

In the instant action, Simpson challenges the validity of his federal judgment by asserting that his Fourth Amendment rights were violated as a result of the search at 925 Cooley Drive and that his sentence is unconstitutional under *Booker*. *See, e.g.*, *United States v. Altamirano-Quintero*, 504 F. App'x 761, 766 (10th Cir. 2012) (noting that challenge to district court's decision to deny motion to suppress was attack on merits of conviction); *Wright v. Deboo*, No. 1:10cv8, 2010 WL 4318653, at *1 (N.D.W. Va. Jan. 26, 2010) (stating that Fourth Amendment challenge went to validity of petitioner's sentence); *Sanchez v. Felts*, No. 5:06-cv-35, 2009 WL 273210, at *4 (S.D.W.Va. Feb. 3, 2009) (recognizing that *Booker* argument challenged validity of sentence and was properly considered under § 2255). Consequently, his claims must be brought pursuant to 28 U.S.C. § 2255, unless he can show under the savings clause that § 2255 is inadequate or ineffective. Simpson makes no such showing. Indeed, he cites no substantive change in the law rendering non-criminal the conduct for which he was convicted. To the contrary, possession with intent to distribute and distribution of cocaine base are still criminal offenses under the United States Code, 18 U.S.C. § 841(a)(1), and Simpson admitted at his § 2255 evidentiary hearing that the cocaine base found at 925 Cooley Drive belonged to him. *Simpson*, 2007 WL 7044224, at *4. By its very nature, Simpson's Fourth Amendment challenge does not go to the criminality of the conduct underlying his conviction; rather, his suppression claim relates to the Government's ability to introduce certain evidence of his criminal actions at trial. As such, *Jones* dictates that Simpson's first ground for relief is not cognizable in a § 2241 petition. Separately, with respect to Simpson's *Booker* claim, "Fourth Circuit precedent has ... not extended the reach of the savings clause to those petitioners challenging only their sentence." *United States v.*

8

*Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) (citing *In re Jones*, 226 F.3d at 333-34); *see also Farrow v. Revell*, 541 F. App'x 327, 328 (4th Cir. 2013) (citing *Poole* and holding that challenge to armed career criminal status is not cognizable in a § 2241 petition); *Darden v. Stephens*, 426 F. App'x 173, 174 (4th Cir. 2011) (declining to extend savings clause to sentencing challenges); *Hayes*, 2014 WL 670850, at *8 (finding that "sentencing issues cannot be presented in § 2241 petitions"), *aff'd*, 573 F. App'x 268 (4th Cir. 2014).[3] Consequently, Simpson cannot satisfy the *Jones* criteria; thus, his claims are not cognizable under § 2241.

Given that Simpson's claims are not properly brought under § 2241, his petition "must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). Regardless of which option the Court selects, Simpson's petition is at an end in this district. If the Court chooses to dismiss Simpson's action, then he will be required to pursue his claim in the United States District Court for the Northern District of Georgia because, unlike § 2241 petitions, which are brought in the district where the petitioner is incarcerated, *see Poole*, 531 F.3d at 264, § 2255 directs the petitioner to "move the court which imposed the sentence" to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). If the Court chooses to construe the action as a § 2255

---

[3] In *United States v. Surratt*, 797 F.3d 240, 246 (4th Cir. 2015), the petitioner filed a § 2241 petition wherein he argued that an intervening change in the law rendered him innocent of a sentencing enhancement under 21 U.S.C. § 841(b)(1)(A). The district court found that the petitioner could not obtain relief under § 2241 because he challenged only his sentence, not the conduct underlying his criminal conviction. *Surratt*, 797 F.3d at 246. In affirming the district court's decision, the Fourth Circuit explained that the petitioner was unable to meet the criteria set forth in *Jones* because he was "not innocent of anything," and he admitted to the conduct underlying the offense for which he was convicted. *Id.* at 248. The Court observed: "To say 'that a petitioner can be "actually innocent" of a sentencing enhancement,' rather than an element of the actual crime, 'would require a great deal of both verbal and logical gymnastics.'" *Id.* at 249 (quoting *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1334 n.3 (11th Cir. 2013)). However, the Court left open the possibility that a petitioner may "bring a § 2241 petition claiming that the district court unlawfully sentenced him to a term of imprisonment exceeding the statutory maximum." *Id.* at 269. On December 2, 2015, the Fourth Circuit granted a petition for rehearing en banc in *Surratt*.

motion, then the matter will have to be transferred, as this Court lacks jurisdiction to hear it.[4]

Nevertheless, there seems to be no purpose in construing Simpson's petition as a § 2255 motion; particularly, when considering that he has already filed a § 2255 motion in the sentencing court, which was denied. Moreover, Simpson's apparent lack of a certificate from the Eleventh Circuit to file a successive § 2255 motion,[5] as required by § 2255(h) and 28 U.S.C. § 2244(b)(3)(A), removes any benefit to be gained from a transfer to the sentencing court. *Harris v. Hogsten*, No. 1:13-11595, 2013 WL 6008496, at *2 (S.D.W.Va. Nov. 13, 2013); *Satcher v. Hogsten*, No. 1:13-0466, 2013 WL 5674856, at *2 (S.D.W.Va. Oct. 17, 2013); *Currence v. Cauley*, 1:11-0088, 2013 WL 5658345, at *3

---

[4] Before recharacterizing a petitioner's § 2241 petition as his or her *first* § 2255 motion, a district court must warn the petitioner about the consequences of the recharacterization and allow the petitioner to either object to the recharacterization or withdraw or amend the petition. *See Camarillo-Chagoya v. Hogsten*, 553 F. App'x 341, 342 (4th Cir. 2014) (citing *Castro v. United States*, 540 U.S. 375, 384, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003)). Because Simpson has previously filed a § 2255 motion in the sentencing court, that warning procedure is not required in this case. *See Castro*, 540 U.S. at 383.

[5] While § 2255 does not define the term "second or successive," Simpson's § 2241 petition, if construed as a § 2255 motion, would be a successive § 2255 motion because his previous § 2255 motion challenging the same conviction and sentence was dismissed on the merits, and the **facts** relied on by Simpson in support of his current claims existed at the time of his first § 2255 motion. *See Harvey v. Horan*, 278 F.3d 370, 379 (4th Cir. 2002) ("In order to qualify as a successive petition, the dismissal of the first habeas petition must be on the merits."), *abrogated on other grounds by Skinner v. Switzer*, 562 U.S. 521, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011); *In re Goddard*, 170 F.3d 435, 436 (4th Cir. 1999) (recognizing that § 2255 does not define what constitutes "second or successive"); *cf. United States v. Hairston*, 754 F.3d 258, 262 (4th Cir. 2014) (holding that "a numerically second § 2255 motion should not be considered second or successive" where facts relied on by movant in support of motion did not exist at time first § 2255 motion was filed); *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003) (distinguishing Fed. R. Civ. P. 60(b) motions and successive § 2255 motions, and stating that "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application."). Although *Booker* may not have been decided until after Simpson filed his § 2255 motion in the sentencing court, Simpson's § 2255 motion was pending in Northern District of Georgia until January 27, 2010, over five years after the Supreme Court issued *Booker*. Certainly, Simpson could have moved to amend his § 2255 motion to add a *Booker* claim, notwithstanding the reality that any such claim would have been futile given that *Booker* does not apply retroactively on collateral review. *See United States v. Morris*, 429 F.3d 65, 72 (4th Cir. 2005). Moreover, § 2255(h)'s restrictions on the filing of second or successive § 2255 motions would be rendered a nullity if a movant were permitted to escape those statutory limitations by relying on a non-retroactive Supreme Court decision issued after the denial of a first § 2255 motion. *See Leal Garcia v. Quarterman*, 573 F.3d 214, 221 (5th Cir. 2009); *Petaway v. United States*, 104 F. Supp. 3d 855, 857 (N.D. Ohio 2015).

(S.D.W.Va. Oct. 15, 2013); *Ellis v. Berkebile*, No. 5:10-cv-00191, 2011 WL 2680724, at *4 (S.D.W.Va. July 8, 2011); *see also United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.").

Finally, the Court may exercise its authority under 28 U.S.C. § 1631, recharacterize the petition as a motion for pre-filing authorization, and transfer it to the Eleventh Circuit for consideration. Title 28 U.S.C. § 1631 provides as follows:

> Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed ... and the action ... shall proceed as if it had been filed in ... the court to which it is transferred on the date upon which it was actually filed in ... the court from which it is transferred.

The Fourth Circuit has declined to impose "a blanket policy of mandatory transfer of unauthorized successive petitions to th[e] court for consideration as [pre-filing authorization] motions." *Jones v. Braxton*, 392 F.3d 683, 691 (4th Cir. 2004). On the contrary, district courts retain discretion to determine whether the transfer of an unauthorized successive petition is "in the interest of justice." *Id.* Consequently, in the Fourth Circuit, a district court may dismiss, rather than transfer, a petition that is frivolous or time-barred. *United States v. McNeill*, 523 F. App'x 979, 984 (4th Cir. 2013) (citing *Phillips v. Seiter*, 173 F.3d 609, 610-11 (7th Cir. 1999) (stating that the transfer of a frivolous, time-barred case is a waste of judicial resources) and *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1001 (Fed. Cir. 1987) (declining to transfer claims under § 1631 that were frivolous)). Notably, district courts within the Eleventh Circuit have taken a similar approach. *See Carter v. Sec'y, Dep't of Corr.*, No. 5:15-cv-23, 2016 WL 551796, at *2 (N.D. Fla. Jan. 13, 2016) (declining to transfer successive § 2254 petition

because transfer was not in the interest of justice since petition was time barred and petitioner was no longer in custody); *United States v. Biggins*, No. 4:14cv272-WS, 2014 WL 2961126, at * 1 (N.D. Fla. June 30, 2014) (declining to transfer unauthorized successive § 2255 motion because transfer was not in the interest of justice); *Ezell v. United States*, No. 2:13-cv-0302, 2013 WL 5532260, at *3 (M.D. Ala. Oct. 7, 2013) (declining to transfer § 2241 petition that was in actuality second or successive § 2255 motion where § 2255 motion would be time barred). *But see Preyear v. United States*, Civil Action No. 13-388, 2013 WL 5526230, at *1 n.1 (S.D. Ala. Oct. 4, 2013) (stating that, within the Eleventh Circuit, when unauthorized or successive § 2255 motion is filed, appropriate action is to dismiss motion).

  For a court of appeals to grant a petitioner's request to file a successive § 2255 motion, the motion must contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also Winestock,* 340 F.3d at 205. Here, "tak[ing] a peek at the merits" of the petition, Simpson has not set forth a claim under either prong of § 2255(h). *Phillips*, 173 F.3d at 610. More specifically, Simpson's Fourth Amendment claim relies on facts known to him prior to trial and cites no new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. Furthermore, Simpson's sentencing claim does not meet § 2255(h)(2) because *Booker* did not announce a new, retroactively applicable rule of constitutional law. *See United States v. Morris*, 429 F.3d 65, 72 (4th Cir. 2005); *United States v. Johnson*, 146 F. App'x 656, 657 n.1 (4th Cir. 2005);

*United States v. Fowler*, 133 F. App'x 922, 922-93 (4th Cir. 2005); *Jones v. United States*, No. 2:10-cv-130, 2011 WL 740734, at *1 (S.D.W.Va. Feb. 23, 2011). Because the petition does not allege a claim under either prong of § 2255(h), transfer to the Eleventh Circuit is not "in the interest of justice."

Turning to the timeliness of this action, under the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a § 2255 motion must be filed within one year of the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Reviewing the petition, and recognizing that Respondent raised the statute of limitations issue in his response memorandum, the undersigned finds no claimed impediment, or statement of fact or law, that would trigger a date described in subsection 2, 3 or 4 of § 2255(f). While Petitioner might protest that § 2255(f)(3) should apply to his *Booker* claim, as discussed above, *Booker* has not been made retroactive to cases on collateral review. Moreover, a Supreme Court opinion, such as *Booker*, does not constitute a "fact" for the purposes of § 2255(f)(4). *Whiteside v. United States*, 775 F.3d 180, 183-84 (2014) (en banc); *United States v. Sawyer*, 552 F. App'x 230, 232 (4th Cir. 2014). Therefore, subsection 1 of § 2255(f) applies to both grounds for relief contained in Simpson's § 2241 petition.

Simpson's judgment of conviction in the Georgia District Court became final for the purposes of § 2255(f)(1) on April 5, 2004, when the Supreme Court denied Simpson's petition for a writ of certiorari. *See United States v. Segers*, 271 F.3d 181, 186 (4th Cir. 2001) (holding that judgment of conviction for purposes of § 2255 motion becomes final when the Supreme Court denies certiorari). Accordingly, the last date on which Petitioner could have timely filed a motion under § 2255(f) was April 5, 2005. He did not file the instant petition until March 23, 2015. (ECF No. 1). Thus, the petition was clearly filed after expiration of the one-year limitation period. Even if Simpson's first § 2255 motion somehow tolled the limitations period, the instant petition, if characterized as § 2255 motion, is still untimely. The Supreme Court denied Simpson's petition for a writ of certiorari related to his first § 2255 motion on October 3, 2011, and Simpson did not file the instant motion until over three years later. Accordingly, the untimeliness of the petition provides an additional reason as to why transfer to the Eleventh Circuit is not "in the interest of justice."

## B. Simpson's Requests for Appointment of Counsel and for Additional Briefing

As mentioned above, Simpson has requested that the Court appoint him counsel and that the Court order additional briefing on issues related to his sentence. (ECF No. 3 at 8; ECF No. 13 at 5). Beginning with Simpson's request for appointment of counsel, the law is well-settled that a habeas petitioner has no constitutional right to counsel. *Pennsylvania v. Finley,* 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1990). The Criminal Justice Act, 18 U.S.C. § 3006A, authorizes the United States District Court to appoint counsel to represent financially eligible individuals in actions brought pursuant to § 2254, "whenever the United States magistrate judge or the court determines that the

interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). An analogous standard is set forth in 28 U.S.C. § 1915(e)(1), which governs the appointment of counsel for indigent litigants in civil actions. In both circumstances, the matter is left to the sound discretion of the court. As a general rule, habeas petitioners and indigent civil litigants are only provided counsel in "exceptional circumstances." *See, e.g., Rice v. Riley,* No. 4:13–3049–TMC, 2014 WL 5524461, at *1 (D.S.C. Oct. 31, 2014). When determining whether to appoint counsel, the court should consider several factors, including (1) the type and complexity of the case; (2) the ability of the petitioner to adequately investigate and present his claim; (3) the likelihood of success on the merits of the application; and (4) the apparent need for an evidentiary hearing in order to resolve the case. *See, e.g., Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. United States Dist. Court*, 490 U.S. 296, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989); *Hoggard v. Purkett,* 29 F.3d 469, 471 (8th Cir. 1994). Here, the case is not complex, Simpson has adequately presented his claims, there is no likelihood that Simpson will succeed on the merits of his petition, and there is no need for an evidentiary hearing. Because Simpson fails to demonstrate exceptional circumstances that justify the appointment of counsel, the undersigned **DENIES** his request for appointment of counsel.

As for Simpson's request that the Court order additional briefing on his second ground for relief, the undersigned finds that further factual and legal argument are unnecessary. The issues have been suitably presented and further briefing would not assist the undersigned in rendering this PF & R. Therefore, the undersigned **DENIES** Simpson's request for additional briefing.

**C. Simpson's Motions for Entry of a Final Order or Disposition**

Simpson has filed two motions requesting that the Court enter a final order in this case. (ECF Nos. 15, 16). In his motion filed on April 1, 2016, Simpson states that the Court should issue a final order in this action because "(1) both parties have filed court-ordered response and reply [memoranda]; (2) it has been at least three months since [Simpson] filed the court-ordered reply; [and] (3) a final order from th[e] Court at this time will not prejudice either party." (ECF No. 16 at 1). Insofar as Simpson's motion requests that a final order be entered based on any purported delay in resolving his § 2241 petition, Simpson's petition has been pending in this Court for a little over one year, and the briefing in this matter was not completed until December 2015. Accordingly, there has been no undue delay in adjudicating the petition. *See In re Dauberman*, 423 F. App'x 347, 348 (4th Cir. 2011) (denying petition for mandamus and finding no undue delay where § 2255 motion had been ripe for district court's consideration less than eight months); *In re Lyons*, 57 F. App'x 182, 183 (4th Cir. 2003) (finding no undue delay where motion was pending in district court for eight months); *Suggs v. United States*, No. 5:09cv57, 2010 WL 2720716, at *2 n.3 (N.D.W. Va. July 8, 2010) (collecting cases where Fourth Circuit has denied mandamus and found no undue delay when petitions were pending between six and seven months). Furthermore, absent the consent of both parties under 28 U.S.C. § 636(c), the undersigned cannot enter a final disposition in this action. *See United States v. Bryson*, 981 F.2d 720, 723 (4th Cir. 1992). In any event, once the presiding District Judge has issued a final order in this action, Simpson's motions will become moot. For these reasons, the undersigned **RECOMMENDS** that Simpson's motions for entry of a final order, (ECF Nos. 15 & 16), be **DENIED**.

### III.    Proposal and Recommendations

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Simpson's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (ECF No. 1), be **DENIED**;  Simpson's *Pro Se* Request for Final Disposition in a Title 28 U.S.C. § 2241 Habeas Corpus Writ Proceeding, (ECF No. 15), be **DENIED**; Simpson's *Pro Se* Motion Requesting a Final Order in a Pending Title 28 U.S.C. Section 2241 Habeas Corpus Proceeding, (ECF No. 16), be **DENIED**; and this action be **DISMISSED,** with prejudice, and removed from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and Respondent.

**FILED:**  April 6, 2016

Cheryl A. Eifert
United States Magistrate Judge